IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFERY PAUL MOSER,                    :
                                       :
        Plaintiff                      :
                                       :   CIVIL NO. 1:CV-03-1703
        vs.                            :
                                       :   (Judge Caldwell)
KENNETH KYLER,                         :
Superintendent, *ET AL.*,              :
                                       :
        Defendants                     :


*M E M O R A N D U M*

I.      *Introduction*.

        The pro se plaintiff, Jeffery Paul Moser, brought this
action pursuant to 42 U.S.C. § 1983 and Title II of the Americans
with Disabilities Act (ADA), 42 U.S.C. § 12131-12134, alleging,
among other things, that he is disabled under the ADA because of
a spinal condition and that while he was imprisoned at the
Huntingdon State Correctional Institution ("SCI-Huntingdon),
Huntingdon, Pennsylvania, he was unable to attend educational or
religious programs, or access the law library because the prison
had failed to accommodate his disability.  He also claims he has
been retaliated against for asserting his rights under the ADA.
Moser is currently confined at a Community Corrections Center in
Sharon, Pennsylvania.

The following motions are pending: (1) Plaintiff's
motion for extension of time to complete discovery; (2)
Plaintiff's motion to compel discovery; (3) Defendants' motion
for summary judgment; and (4) Plaintiff's motion renewing his
request for appointment of counsel and to stay or continue
summary-judgment proceedings until counsel can assist him in
obtaining discovery and in opposing Defendants' summary-judgment
motion.

After review of the motions, we will deny Plaintiff's
request for appointment of counsel, grant him an opportunity for
discovery of the files that are the subject of his motion to
compel, and stay consideration of Defendants' summary-judgment
motion while he conducts that discovery and then submits any
evidence he has found that he believes is relevant to Defendants'
motion.

II.    *Background*.

On September 25, 2003, Plaintiff filed his complaint.
On December 5, 2003, we denied a motion for appointment of
counsel.  On January 5, 2004, Defendants answered the complaint.
On September 23, 2004, we denied a second motion for appointment
of counsel, which had been filed on March 17, 2004.  On September
30, 2004, we granted the motion to dismiss of Dr. Arias, a
contract physician for Huntingdon, who had been added to the

-2-

lawsuit on December 31, 2003, as a defendant.  In our September
30 order, we also set a discovery deadline of sixty days from the
date of the order (November 29, 2004) and a pretrial motions'
deadline of thirty days after the close of discovery (December
29, 2004).

On or about October 27, 2004,[1] Moser served a request
for production of documents on Defendants for the following: (1)
Plaintiff's medical records except for mental-health records if
Defendants object to producing those; (2) his "DC-15 counselor
file" from 1989 through 2004; (3) his grievance file from 1989
through 2004; (4) his parole file from 1989 through 2004,
excluding program failures, staff comments and Department of
Corrections (DOC) recommendations; (5) any and all Huntingdon
staff documents relating to Moser's disability or request for ADA
accommodation; (6) his misconduct file from 1989 through 2004;
(7) his block card reports from 1989 through 2004; (8) all
building inspection reports, certifications or comments on file
from 1998 through 2004 related to whether Huntingdon is eligible
for federal and state funds; (9) "any and all directives, policy
statements or reports on all Pennsylvania prisons being made
handicapped-accessible and/or exemptions from the law which
states the eligibility of federal funds, grants & assistance";

---

[1] Plaintiff asserts it was October 25, 2004.

(10) any and all directives, policy statements or confidential memos to DOC physicians after the *Yeskey* case was decided;[2] (11) photographs, charts and maps showing the location of Huntingdon's "church," law library/education department, parole office and program room; and (12) Moser's education file from 1989 through 2004.

On or about November 29, 2004, Defendants filed a response to the request, making the following objections.  They made three "general objections" to all of the requests.  First, they objected to producing any documents prepared before March 2003 since Plaintiff was only reincarcerated since that date.  Second, they objected to producing any documents for a state prison other than Huntingdon.  Third, they objected to producing any documents from any state agency or institution other than Huntingdon.  They also made specific objections to specific requests but aside from their general and specific objections, said they would comply with the requests by producing: (1) Request no. 1--Plaintiff's medical records; (2) Request no. 2–his "DC-15 counselor file" limited to his requests for ADA accommodation, request relating to his alleged disability, requests relating to retaliation, any misconducts received since

---

[2] Apparently, this is a reference to *Pennsylvania Dep't of Corrs. v. Yeskey*, 524 U.S. 206, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998).

March 2003; (3) Request no. 3--all of Plaintiff's grievances at
Huntingdon since March 2003; Request no. 4--none of his parole
file as it is not relevant to Plaintiff's claims; Request no.
5-any requests for ADA accommodation and relating to his alleged
disability that are not privileged; Request no. 6--Huntingdon
misconduct records that are not privileged; Request no. 7--no
block reports as they are privileged; Request no. 8--no building
inspection reports, certifications or comments on file as they
are not relevant and may compromise security if disclosed;
Request no. 9--no directives, policy statements or reports on all
Pennsylvania prisons being made handicapped-accessible and/or
exemptions from the law because they are irrelevant to
Plaintiff's claims; Request no. 10--no post-*Yeskey* directives,
policy statements or confidential memos to DOC physicians because
the request is vague; Request no. 11--no photographs, charts and
maps showing the location of Huntingdon's "church," law
library/education department, parole office and program room
because of security concerns but Defendants were willing to
stipulate that the chapel was on the third floor, the main law
library was on the second floor, the restricted housing unit's
mini law library was on the first floor, the education department
on the second floor, the parole office on the third floor, and

programs were held throughout the prison; and Request no. 12--
Moser's education file from 1989 through 2004.

The response stated that the documents would be
produced at a mutually agreed upon time after Plaintiff had filed
a DC-135 request to staff member, requesting the documents.  The
response also stated that copying charges would be at the
standard rate pursuant to DC-ADM 007, Section VI, Part D and DC-
ADM 803, Section VI, Part C(2)(1).

Plaintiff represents that he filed DC-135 requests to
staff member on December 8, 2004, December 27, 2004, and January
2, 2005, for his grievance file, parole file (although Defendant
has said this would not be produced), building inspection reports
(although Defendant has said this would not be produced), his DC-
15 counselor file, misconduct records, and his education file.
On December 16, 2004, he filed a request to see his medical
records.  (Doc. 53, attached exhibits).  According to Moser,
these requests were never responded to except for the request for
medical records.

On January 5, 2005, Moser came to the medical
department to inspect his medical records.  He noticed that the
history and physical sections of the file were missing.  These
section supposedly would have contained evidence supporting his
disability for ADA purposes.  According to Defendants, these

-6-

sections were directly underneath the psychiatric and legal sections, which had been removed per policy, and the history and physical sections were mistakenly removed along with them.  When Moser questioned the absence of the history and physical sections, they were located and given to him for inspection. (Doc. 61, Ex. D).

Moser intended to make copies of his medical records by using a prepaid copy card obtained under DC ADM 803.  According to Moser, this allows copies to be made at ten cents per page. However, he was informed that there was a $17.48 charge for retrieving each file (medical file, education file, etc) and a copying charge of $1.17 for the first twenty pages, $.88 for pages 21 through 80, and $.30 for remaining pages.  Moser calculates it would cost him $247.08 to make the copies he needs. (Doc. 53, Ex. A).  Moser apparently made no copies that day because of the expense.

III.   *Discussion*.

Plaintiff's substantive arguments for all his motions are essentially found in his motion for appointment of counsel and to stay consideration of Defendants' motion for summary judgment.  Thus, resolution of this motion will dispose of the others.

In moving for appointment of counsel, Plaintiff argues Defendants have acted in bad faith, and counsel would prevent that from happening in the future.  He maintains that Defendants have ignored and obstructed discovery, have intentionally withheld certain portions of his medical records, and tried to charge him excess copying fees so that he would be unable to make copies as an indigent litigant.  He also contends that he has no access to the law library.

We will deny his request for counsel.  In doing so, we have considered anew the factors set forth in *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002), and *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993).  The only new consideration is the difficulty Plaintiff had in obtaining the records, but that will be solved by our order allowing him additional time for discovery.  We agree with Defendants that Plaintiff has shown he can litigate this case on his own[3] and all he needs is adequate opportunity to examine the records, despite the unfortunate incident on January 5, 2005, with his medical records.  Also, while Defendants argue against additional time for discovery by pointing out that Plaintiff did start late in the discovery

---

[3]  As Defendants point out, Plaintiff's briefs are satisfactory, which belies his claim of lack of access to the law library.  Additionally, Plaintiff is now at CCC-Sharon, and his claim of lack of access to the law library was about the library at Huntingdon.

period, he did attempt to examine his records before the close of discovery, so we are inclined to extend the discovery period.

We also think that the charge for copying should be ten cents per page.  In their brief in opposition, Defendants argue that Plaintiff's poverty does not excuse him from paying for litigation expenses, but the cases they cite are distinguishable, dealing with 28 U.S.C. § 1915.  *See Belle v. Faust*, 1993 WL 59291 at *7 (E.D. Pa.).  Defendant also assert that certain fees for retrieval and copying of documents have been established by DOC but do not cite the relevant provisions or how they operate in this context.  Excessive copying fees in the context of prisoner litigation raise important constitutional issues about the right of access to the courts, *see Giles v. Tate*, 907 F. Supp. 1135, 1138 (S.D. Ohio 1995), so we prefer to accept Plaintiff's position in the circumstances of this case.

In moving to compel production, Plaintiff did not attack the merits of Defendants' objections.  Any discovery will therefore be subject to these objections.

We will issue an appropriate order.


                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: July 5, 2005

-9-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFERY PAUL MOSER,                     :
                                        :
        Plaintiff                       :
                                        :   CIVIL NO. 1:CV-03-1703
        vs.                             :
                                        :   (Judge Caldwell)
KENNETH KYLER,                          :
Superintendent, *ET AL.*,               :
                                        :
        Defendants                      :


*O R D E R*


        AND NOW, this 5th day of July, 2005, it is ordered
that:

        1.  Plaintiff's motion (doc. 44) for
        extension of time to complete discovery is
        granted, and Plaintiff shall have sixty days
        from the date of this order to complete
        discovery on his request for production of
        documents.

        2.  Plaintiff shall have fifteen days
        after the close of discovery to supplement
        his response to Defendants' summary-judgment
        motion, and Defendants shall have fifteen
        days thereafter to brief any opposition to
        the supplementation.

        3.  Plaintiff's motion (doc. 47) to compel
        discovery is dismissed as moot.

        4.  Plaintiff's motion (doc. 52) renewing
        his request for appointment of counsel is
        denied.

        5.  Plaintiff's motion (doc. 52) to stay
        or continue consideration of Defendants'
        motion (doc. 48) for summary judgment is

granted until the deadlines in paragraph 2
have expired.

/s/William W. Caldwell
William W. Caldwell
United States District Judge